IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENISE A. SCHANZ,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner, Social Security Administration,

    Defendant.
_____/

No. C-05-3379 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

(Docket No. 19)

    Before the Court is plaintiff's motion, filed June 26, 2006, to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In particular, plaintiff argues the Court erred by remanding the instant action for further administrative proceedings rather than remanding for an award of benefits.

    In so ruling, the Court relied on Connett v. Barnhart, 340 F.3d 871 (9th Cir. 2003). Connett has never been overruled and remains good law.[1]

    Moreover, the cases upon which plaintiff relies do not preclude remand for further development of the record where, as here, the record contains no medical opinion that the claimant is wholly incapable of performing work-related tasks and contains no opinion from a vocational expert that the limitations set forth in any of the medical opinions offered

---

[1] Contrary to plaintiff's argument, there is no Supreme Court authority on the issue. The Supreme Court's denial of certiorari in Harman v. Apfel, 211 F.3d 1172 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000) has no precedential value and expresses no opinion as to the merits of the case. See, e.g., Teague v. Lane, 489 U.S. 288, 296 (1989).

"would render [plaintiff] unable to engage in any work."[2]  See Harman, 211 F.3d at 1180 (observing "where the testimony of the vocational expert has failed to address a claimant's limitations established by improperly discredited evidence, we have consistently remanded for further proceedings rather than payment of benefits.")

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2006

MAXINE M. CHESNEY
United States District Judge

---

[2] On cross-examination by plaintiff's counsel, the vocational expert was asked to consider limitations different than those provided in the ALJ's hypothetical.  The import of that testimony, however, is, at best, unclear.  Moreover, as noted in the Courts' order of June 15, 2006, Dr. English's opinion would constitute substantial evidence had the ALJ expressly relied on that opinion, and it does not appear that plaintiff's limitations, as set forth in Dr. English's report, were presented to the vocational expert.