IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE A. SCHANZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>    Defendant.<br>_____/ | No. C-05-3379 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>(Docket No. 21) |

Before the Court is plaintiff Denise A. Schanz's ("Schanz") motion, filed August 2, 2006, for attorney's fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Jo Anne B. Barnhart, Commissioner, Social Security Administration ("Commissioner"), has filed opposition to the motion; Schanz has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

On August 19, 2005, Schanz filed the above-titled action, seeking judicial review of the final decision of the Commissioner denying Schanz's application for disability benefits under the Social Security Act. On June 15, 2006, the Court granted in part and denied in part Schanz's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the action for further proceedings.

Thereafter, on June 26, 2006, Schanz filed a motion to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On June 30, 2006, the Court denied the motion.

**LEGAL STANDARD**

Under EAJA, the Court "shall award" the attorneys' fees, expenses, and costs incurred by a prevailing party in a suit against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." See 28 U.S.C. § 2412(d). An individual may not recover such fees and expenses, however, if his net worth exceeded $2,000,000 at the time the action was filed. See 28 U.S.C. § 2412(d)(2)(B). In addition, the Court may reduce or deny an award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." See 28 U.S.C. § 2412(d)(1)(C). Attorneys' fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." See 28 U.S.C. § 2412(d)(2)(A).

A plaintiff seeking an award of fees and expenses under EAJA must submit to the Court, "within thirty days of final judgment," an application for fees, demonstrating he is a prevailing party and eligible to receive an award of fees. See 28 U.S.C. § 2412(d)(1)(B). The thirty-day period begins running upon expiration of the time for filing an appeal of the judgment. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). In cases in which the federal government or one of its officers or agencies is a party, an appeal may be filed no later than 60 days after the judgment or order appealed from is entered. See id. (citing Fed. R. App. 4(a)(1)(B)). Thus, in such cases, an application for fees under EAJA must be filed within 90 days of the court's entry of judgment. See id.

A plaintiff's application for fees must state the amount sought and include an itemized statement from the plaintiff's attorney setting forth the actual time expended and the rate at which fees were computed. See 28 U.S.C. § 2412(d)(1)(B). Additionally, the

plaintiff must "allege that the position of the United States was not substantially justified." See id.

Under EAJA, the government's position is substantially justified if it has a "reasonable basis both in law and fact," and "is justified to a degree that could satisfy a reasonable person." See Pierce v. Underwood, 487 U.S. 552, 565 (1988). Put another way, the government's position is substantially justified if there is a "genuine dispute" between the parties and "reasonable people could differ as to the appropriateness of the contested action[.]" See id. (citations and internal punctuation omitted). The government bears the burden of demonstrating its position was substantially justified. See Scarborough v. Principi, 541 U.S. 401, 414 (2004).

## DISCUSSION

### A. Entitlement to Fees and Costs

Where, as here, the Court reverses a decision of the Commissioner and remands a Social Security appeal for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g),[1] the plaintiff is considered a prevailing party for purposes of awarding attorneys' fees under EAJA. See Shalala v. Schaefer, 509 U.S. at 300-01. Accordingly, Schanz is a prevailing party.

Schanz has filed a timely application for fees, has submitted evidence that her net worth does not exceed $2,000,000 (see Sammis Decl. at 1), and has alleged that the position of the Commissioner was not substantially justified, (see Motion at 12). Schanz also has submitted an itemized statement from her counsel setting forth the actual time expended with respect to work performed in this litigation, and the rate at which counsel's fees were computed. (See Sammis Decl. ¶¶ 3-5.) There is no contention that Schanz "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." See 28 U.S.C. § 2412(d)(1)(C). Nor is it contended that any

---

[1] Sentence four of section 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment . . . reversing the decision of the Commissioner of Social Security . . . [and] remanding the cause for a rehearing." 42 U.S.C. § 405(g).

1  "special circumstances" make an award of fees unjust.  Consequently, the only remaining
2  issue with respect to Schanz's entitlement to fees under EAJA is whether the
3  Commissioner's position was substantially justified.  As noted, the Commissioner has the
4  burden of demonstrating its position was substantially justified.  See Scarborough v.
5  Principi, 541 U.S. at 414.
6        Here, the ALJ failed to adequately explain his rejection of a treating physician's
7  opinion as to Schanz's ability to perform work-related functions, in favor of the opinions of
8  two non-treating physicians.  Additionally, the ALJ failed to adequately explain his rejection
9  of an examining physician's opinion as to Schanz's ability to stand, in favor of the opinion of
10 a non-examining physician.  The ALJ further failed to set forth adequate reasons for
11 rejecting Schanz's testimony as to the extent of her pain.  The law unambiguously requires
12 an ALJ to provide, based on substantial evidence in the record, specific and legitimate
13 reasons for rejecting the opinions of treating and examining physicians in favor of the
14 opinions of non-treating and non-examining physicians, see Lester v. Chater, 81 F.3d 821,
15 830 (9th Cir. 1995), and further requires the ALJ to provide specific, clear and convincing
16 reasons for rejecting a claimant's testimony as to the severity of her symptoms, see
17 Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  Thus, the ALJ's decision was not
18 substantially justified and, for the same reason, the Commissioner was not substantially
19 justified in defending the ALJ's decision in this court.  See, e.g., Corbin v. Apfel, 149 F.3d
20 1051, 1053 (9th Cir. 1998) (finding no substantial justification where ALJ failed to make
21 specific findings in rejecting plaintiff's allegations of disabling pain as required by case law;
22 noting "the defense of basic and fundamental errors such as the ones in the present case
23 is difficult to justify").
24       Accordingly, the Court finds the Commissioner's position was not substantially
25 justified, and that Schanz is entitled to an award of the reasonable fees and costs she
26 incurred in litigating the above-titled action.
27     **B. Amount of Fees and Costs**
28       Schanz seeks an award of $8149.18 in fees for work performed by her counsel, Ian

M. Sammis ("Sammis"), and Sammis' law clerk, Andrew Ragnes ("Ragnes"), along with $92.13 in expenses, and $250.00 in costs. (See Amended Sammis Decl. at 7-8.)

### 1. Hourly Rate

Although Schanz requests an hourly rate of $160.37 for work performed by Sammis, which exceeds the maximum rate of $125 per hour set forth in § 2412(d)(2)(A), that section permits the Court to increase the statutory hourly rate to take into account an increase in the cost of living. See 28 U.S.C. § 2412(d)(2)(A). Sammis attests that the cost of living has increased 28.3% since the date the above-referenced section of the EAJA was last amended. (See Amended Sammis Decl. at 7.) The Commissioner does not dispute Sammis' conclusion that the cost of living has increased 28.3%. Accordingly, the Court finds Schanz has demonstrated the propriety of using an hourly rate of $160.37 for work performed by Sammis.

Schanz seeks an hourly rate of $100 for work performed by Ragnes. In discussing fee awards pursuant to 42 U.S.C. § 1988, the Supreme Court has explained:

> Clearly, a "reasonable attorney's fee" cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit. . . . [T]he "reasonable attorney's fee" provided for by statute should compensate the work of paralegals, as well as that of attorneys.

See Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Other courts likewise have held that time spent by paralegals and law clerks is compensable under EAJA. See, e.g., Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). Although, as discussed below, the Commissioner takes issue with the number of hours spent by Ragnes in litigating the instant action, the Commissioner does not argue that fees for such work may not be awarded under EAJA or that Ragnes's hourly rate is excessive. Accordingly, the Court finds Schanz is entitled to an award of fees for work performed by Ragnes, at the rate of $100 per hour.

/ /

### 2. Number of Hours

The Commissioner argues that the number of hours billed is excessive. In particular, the Commissioner contends the Commissioner should not be assessed fees for work performed on unsuccessful arguments made in support of Schanz's motion for summary judgment. With respect to the motion for summary judgment, Schanz submits evidence that Ragnes spent 15.8 hours reviewing the transcript of the hearing before the ALJ and preparing the motion for summary judgment, and an additional 18 hours reviewing the Commissioner's cross-motion for summary judgment and preparing a response thereto. (See Sammis Decl. ¶ 5.) The Commissioner contends that, in light of Schanz's unsuccessful arguments, the Court should award fees for a total of no more than 18 hours of work in connection with the parties' respective dispositive motions.

The Supreme Court has noted, however, that "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Where, as here, counsel obtains excellent results for the plaintiff, the "attorney should recover a fully compensatory fee," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." See id. Consequently, the Court declines to reduce the amount of the fees as a result of Schanz's inclusion of unsuccessful as well as successful arguments in her motion for summary judgment.

The Commissioner further objects to any award of fees for time spent preparing Schanz's unsuccessful Rule 59(e) motion, in which Schanz argued that the Court erred by remanding the instant action for further proceedings, rather than remanding for an award of benefits. The Court expressly addressed Schanz's argument in its remand order, relying on Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), which, as the Court noted in denying the Rule 59(e) motion, has never been overruled. Because Schanz failed to achieve any success as a result of the Rule 59(e) motion, the Court agrees with the Commissioner that no fees should be awarded for the preparation of that motion. In Atkins

1  v. Apfel, 154 F.3d 986 (9th Cir. 1998), the plaintiff prevailed in the district court by obtaining
2  a remand to the ALJ for further proceedings, then unsuccessfully appealed on the ground
3  the district court should have remanded for an award of benefits.  See id. at 987.  Although
4  the district court awarded fees to the plaintiff for both the district court proceedings and the
5  appeal, the Ninth Circuit held the district court erred in awarding fees incurred in
6  prosecuting the unsuccessful appeal, holding "the district court abused its discretion by
7  failing to consider the results obtained on appeal."  See id. at 990.  Here, similarly, although
8  Schanz prevailed with respect to her motion for summary judgment, she did not prevail on
9  any issue raised in the Rule 59(e) motion.  Accordingly, the Court will not award fees for
10 hours expended in preparing the Rule 59(e) motion.[2]

11      The Commissioner additionally argues that the 5.5 hours spent by Ragnes on the
12 instant fees motion is excessive because it contains largely boilerplate language, and that
13 the Court should award fees for only 1.5 hours of such work.  The Commissioner argues
14 that in light of counsel's many years of experience litigating social security disability cases,
15 it is unlikely that his office had to draft anew those portions of the EAJA motion.  Plaintiff
16 argues in her reply, albeit without providing a declaration, that Ragnes spent much of the
17 claimed 5.5 hours preparing and revising the declarations submitted in connection with the
18 fees motion.  The Court agrees with the Commissioner that the fees motion largely consists
19 of boilerplate legal standards that would apply to any EAJA fees motion.  As Ragnes attests
20 that he has worked on 48 social security cases since 2000, at least 13 of which cases have
21 been remanded for further proceedings, (see Ragnes Decl. at 1-2), and given that many of
22 the cited authorities pre-date 2000, the Court agrees with the Commissioner that 5.5 hours
23 for preparation of the fees motion is unreasonable.  The Court agrees with plaintiff,
24 however, that the declarations submitted in connection with the fees motion contain
25 information specific to the instant action, and that Ragnes reasonably spent more than 1.5
26 hours preparing those declarations.  The Court finds Ragnes reasonably spent 3.0 hours

---

[2] Sammis attests that he spent 2.2 hours and that Ragnes spent 15.8 hours preparing the Rule 59(e) motion.  (See Sammis Decl. ¶¶ 4-5.)

7

preparing the instant motion and associated declarations. Accordingly, the Court will reduce the award of fees for the preparation of the fees motion from 5.5 hours to 3.0 hours.

In sum, the Court finds the hourly rates sought for work performed by Sammis and Ragnes are reasonable and that the time spent on work performed in this litigation through judgment is adequately documented. The Court declines to award any fees for the preparation of the Rule 59(e) motion, however, and will award fees for only 3.0 hours of the 5.5 hours counsel assertedly expended in preparing the fees motion. Accordingly, the Court finds Schanz is entitled to an award of fees for 6.4 hours of work performed by Sammis at the rate of $160.37 per hour, and 49.4 hours of work performed by Ragnes at the rate of $100 per hour, for a total fees award of $5966.37.

### 3. Expenses

Schanz seeks an award of $92.13 in expenses, including the cost of postage, computerized legal research, and a single long distance telephone call.

The Commissioner objects to Schanz's request for expenses billed for Westlaw research and Pacer inquiries, (see Sammis Decl. at 7), on the ground such expenses constitute overhead that should be included in the attorney's hourly rate. The Commissioner cites no authority holding that such legal research fees should be considered unreimbursable overhead, however, and authority exists to the contrary. See In re Continental Illinois Securities Litigation, 962 F.2d 566, 570 (7th Cir. 1992) (finding district court committed "clear error" by holding computerized legal research costs to be part of overhead; noting "the market – the paying, arms' length market – reimburses lawyers' LEXIS and WESTLAW expenses"). Accordingly, the Court will not deduct the cost of computerized legal research from the award of expenses sought by Schanz.

The Commissioner further objects to an award of $3.00 for a long-distance telephone call, (see Sammis Decl. at 7), on the ground the call was made in connection with Schanz's unsuccessful Rule 59(e) motion. As discussed above, because Schanz was not the prevailing party on the Rule 59(e) motion, the Court will disallow this long distance charge.

The Commissioner asserts no objection to the remainder of the expenses sought by Schanz. Accordingly, the Court finds Schanz is entitled to an award of $89.13 in expenses.

### 4. Costs

Schanz seeks an award of $250.00 in costs incurred in filing the instant action. The Commissioner asserts no objection thereto. Accordingly, the Court will grant Schanz's request for $250.00 in costs.

### CONCLUSION

For the reasons set forth above, Schanz's motion for an award of fees and costs is hereby GRANTED in part and DENIED in part, and Schanz is hereby awarded attorneys' fees in the amount of $5966.37, plus expenses in the amount of $89.13, and costs in the amount of $250.00.

This order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated: November 22, 2006

MAXINE M. CHESNEY
United States District Judge